Lonshya BRADLEY and Donna
Rosas, Appellants,

v.

Maurice O'DONOGHUE, Brian Patter-
son, Columbia Lighting–LCA, Inc.,
Penske Leasing, Bristol Borough,
Bristol Township, U.S. Restaurants,
Inc. and Burger King Corp.

Commonwealth Court of Pennsylvania.

Argued March 3, 2003.
Decided April 4, 2003.

Thaddeus J. Bartkowski, Villanova, for appellants.

Thomas X. McAndrew, Jr., Exton, for appellee, Bristol Borough.

Tyler Tomlinson, Philadelphia, for appellees, U.S. Restaurants, Inc. and Burger King Corp.

Erin F. Henderson, Philadelphia, for appellee, Bristol Township.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Lonshya Bradley and Donna Rosas, her mother (Appellants) appeal from orders of the Court of Common Pleas of Philadelphia County (trial court) sustaining preliminary objections as to venue and dismissing Burger King Corporation (Burger King) and U.S. Restaurants, Inc., (U.S. Restaurants) (collectively Defendants) from the action. We affirm in part and vacate and remand in part.

The facts as alleged in the complaint are as follows: Appellant Bradley purchased food at Burger King on April 26, 2000. Following that purchase, she left the restaurant property and attempted to walk across Route 13 in a westerly direction at the intersection of Beaver Street, Bristol Borough, Bucks County. Brian Patterson was the driver of a truck stopped at the intersection. It was alleged that he signaled to Appellant Bradley that it was safe to cross in front of his truck. Relying on this, she walked in front of his truck, but was then hit by a vehicle driven by Maurice O'Donoghue. It was alleged that Appellant Bradley, who was sixteen years old at the time, sustained massive injuries and remains bedridden in a nursing home unable to speak or understand what is communicated to her.

Appellants alleged that Mr. O'Donoghue was negligent in the operation of his vehicle, that Mr. Patterson was negligent in signaling that it was safe to cross the intersection, that Mr. Patterson was acting as an agent of Columbia Lighting–LCA, Inc., and Penske Leasing at the time of his negligence, that Bristol Township and Bristol Borough failed to provide a crosswalk, pedestrian signals or a safe means to cross the highway and that Burger King and its franchise owner U.S. Restaurants invited pedestrians to its restaurant without providing them a safe means in which to exit.

Following the filing of the complaint, preliminary objections were filed by Defendants Burger King, U.S. Restaurants, Bristol Township, Bristol Borough and Maurice O'Donoghue.

On August 21, 2002, the trial court issued four orders: one sustained the preliminary objections of Burger King and dismissed it from the action; one sustained the preliminary objections of U.S. Restaurants Inc., and dismissed it from the action; one sustained the preliminary objections of Bristol Township as to venue only, and transferred the action to the Court of Common Pleas of Bucks County; and one sustained the preliminary objections of Bristol Borough as to venue only and transferred the action to Bucks County. On August 22, 2002, the trial court issued a further order sustaining the preliminary objections of Maurice O'Donoghue as to venue only and transferring the action to Bucks County.

Appellants have appealed all five of the orders and raise the following issues for our review: (1) that the trial court erred in determining that venue is proper in Bucks County as to all the parties; (2) that even if Bucks County is the proper county in which to sue the two political subdivisions, the trial court should have only transferred the case as to the political subdivisions and allowed venue to continue in Philadelphia County as to the other parties; (3) that as one of the parties did not object to venue, it therefore waived it and, as such, the trial court should have determined that Philadelphia County had proper venue; (4) that the trial court erred in determining the merits of the preliminary objections as to Burger King and U.S. Restaurants after finding that a change of venue was appropriate; and (5) that the trial court erred in determining that Ap-

pellants failed to state a proper cause of action against Burger King and U.S. Restaurants and in not giving Appellants an opportunity to amend the complaint.

■ Our standard of review of an order of the trial court sustaining preliminary objections is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Dixon v. Cameron County School District,* 802 A.2d 696 (Pa.Cmwlth.2002).

Appellants' first allegation of error involves the question of venue. Bristol Township, Bristol Borough and Maurice O'Donoghue all filed preliminary objections as to venue. They all alleged that Bristol Township and Bristol Borough are political subdivisions [1] of Bucks County and, as such, an action cannot be brought against them in Philadelphia County.

Appellants insist that they can bring an action against a political subdivision in Philadelphia County as long as other parties in the action are subject to Philadelphia County's jurisdiction. Appellants rely on the case of *Peaceman v. Cades,* 416 A.2d 1042 (Pa.Super.1979), for this argument. However, in *Township of Whitpain v. Goldenberg,* 131 Pa.Cmwlth. 144, 569 A.2d 1002 (1990), petition for allowance of appeal denied, 525 Pa. 660, 582 A.2d 326 (1990), this Court noted that *Peaceman* was decided the year before Section 333 of the JARA Continuation Act of October 5, 1980, P.L. 693, 42 P.S. § 20043, was enacted. Section 333 states in pertinent part:

> Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

In *Township of Whitpain,* we also noted that Section 333 was created by the legislature to extend Pa. R.C.P. No. 2103(b) which states that "Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located." We determined that Section 333 might appear in conflict with Pa. R.C.P. No. 1006(a), (b) and (c), which provide:

> (a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.
>
> (b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.
>
> (c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

In analyzing Section 333, which mandates that a political subdivision may only be

---

**1.** A political subdivision is defined as "any county, city, borough, incorporated town, township, school district, vocational school district, county institution district or municipal or other local authority[.]" Pa. R.C.P. No. 76.

sued where it is located or where the cause of action arose or a transaction or occurrence took place, with Pa. R.C.P. No. 1006(c), which would allow venue to be laid in any county in which any of the defendants could be served, this Court determined that the rules of construction must be considered. We noted that Pa. R.C.P. No. 132 requires that a particular provision must prevail over a general rule. Therefore the mandates of Rule 2103(b) and Section 333 must prevail over Pa. R.C.P. No. 1006(c).

Specifically, our ruling was as follows: "we hold that Section 333 prevails when a political subdivision is a defendant in an action, whether that subdivision is a sole defendant or one of many." *Township of Whitpain,* 569 A.2d at 1003. The holding of *Township of Whitpain* was also cited with approval by the Pennsylvania Supreme Court in *Ribnicky v. Yerex,* 549 Pa. 555, 701 A.2d 1348 (1997). In *Ribnicky* the Court found that Section 333 governs venue for actions against political subdivision whether they are joined as original defendants or additional defendants.

■ Based on the above analysis, it has been established that Bristol Township and Bristol Borough are political subdivisions that, under Section 333, may only be sued in the county where they are located or where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. Both are political subdivisions of Bucks County and this is where the complaint alleged that the accident occurred. The complaint does not allege that this accident had any ties to Philadelphia County. As such, we believe that the trial court correctly concluded that venue was not proper in Philadelphia County and properly transferred the action to Bucks County.

■ Appellants' second allegation of error is that because venue in Philadelphia County was proper as to at least one of the Defendants under Pa. R.C.P. No. 1006(c), the trial court should have determined that venue was proper there as to all of the Defendants. It is alleged that because Burger King and U.S. Restaurants have offices in Philadelphia, venue is proper as to both in Philadelphia County. Plus, as Columbia Lighting and Penske Leasing failed to raise the issue of venue, Appellants assert it should be deemed waived as to both. Therefore, Appellants allege that because venue in Philadelphia County can be established as to four of the defendants, venue there should be found proper as to all.

Appellants' argument ignores our holding in *Township of Whitpain,* where we determined that Section 333 prevails over the more general Pa. R.C.P. No. 1006(c). Accordingly, when a political subdivision is a party, the case must be transferred under the guidelines of Section 333, regardless of whether other parties to the action could be served elsewhere. As such, we conclude that Appellants' second argument is without merit.

■ Appellants' third allegation of error is that the trial court should have taken it upon itself to sever the action and transfer only the actions against the two political subdivisions to Bucks County. Appellants, not surprisingly, do not cite to a rule of court which would permit a trial court to unilaterally sever a case when finding a change of venue is appropriate where, as here, the claim against the defendants involves the same transactions or occurrences. In fact, such an action would be contrary to Pa. R.C.P. No. 213, which allows courts to consolidate actions where possible to avoid delay, cost, prejudice and for the sake of judicial economy. Thus, we

conclude that Appellants' third argument is without merit

Appellants' fourth allegation of error is that the trial court should not have addressed the merits of the preliminary objections of Burger King and U.S. Restaurants because once the trial court determined that it did not have venue, it should have transferred the case and all remaining issues to the Bucks County court.

Under Pa. R.C.P. No. 1006(e), once a trial court determines improper venue it is to transfer the action to the appropriate court. However, there does not appear to be a specific rule regarding the disposal of remaining preliminary objections. Appellants are correct that it would seem to follow that once a trial court determined it did not have proper venue, it would not have authority to decide other issues in the case as the case would belong to the transferee trial court. This could leave parties at risk for appealing decisions made by trial courts in two separate counties.

In *Alter v. Pennsylvania Gas and Water Company,* 110 Pa.Cmwlth. 349, 532 A.2d 913, 915 (1987), this Court made the statement that once a trial court decides it lacks venue it "must transfer or dismiss the case, for it is without legal authority to do anything else." In that case, the trial court granted a change of venue but did not decide the remaining preliminary objections. The trial court instead transferred the remaining preliminary objections to the transferee court. An objection was raised to this. It was argued that the trial court needed to decide the remaining preliminary objections prior to transfer. This Court held as follows:

As to the question of whether or not the other preliminary objections needed to be decided prior to transfer, we note that no authority is cited for that proposition. We, however, do not believe that these preliminary objections had to be ruled upon by the transferring court because (1) they can be raised before the transferee court and (2) the transferee court had already attained jurisdiction over similar cases, via transfer, and will be equipped to rule on the preliminary objections. We find no error, therefore, in the trial court's failure to rule on the demurrer and the preliminary objections pertaining to the specificity of the complaint.

*Alter,* 532 A.2d at 915–16.

■ It appears that in *Alter* it was agreed that a trial court could transfer the remaining preliminary objections where a change of venue occurred, but it was not stated that such transfer was mandatory. We believe that a definitive rule is necessary in this area. As such, we conclude that when a trial court grants a change of venue through preliminary objections, it is without further authority to decide any remaining preliminary objections. Therefore, the order sustaining the preliminary objections of Burger King and dismissing it from the action and the order sustaining the preliminary objections of U.S. Restaurants and dismissing it from the action are both vacated and remanded.[2]

Accordingly, the three orders of the trial court sustaining the preliminary objections of Bristol Township, Bristol Borough and Maurice O'Donoghue as to the transfer of venue to Bucks County are affirmed. The two orders regarding the preliminary objections of Burger King and

---

**2.** As we have determined that the trial court erred in addressing the preliminary objections of Burger King and U.S. Restaurants, we need not determine Appellants' fifth allegation of error, i.e., whether the preliminary objections of Burger King and U.S. Restaurants were properly decided by the trial court.

U.S. Restaurants are vacated. The trial court is directed to transfer the preliminary objections of Burger King and U.S. Restaurants to the Court of Common Pleas of Bucks County for that court's consideration.

## ORDER

AND NOW, this 4th day of April, 2003, the orders of the Court of Common Pleas of Philadelphia County (trial court) sustaining the preliminary objections of Bristol Township, Bristol Borough and Maurice O'Donoghue as to the transfer of venue to Bucks County are affirmed. The orders of the trial court sustaining the preliminary objections of Burger King Corporation and U.S. Restaurants, Inc., are vacated. The trial court is directed to transfer the preliminary objections of Burger King Corporation and U.S. Restaurants, Inc., to the Court of Common Pleas of Bucks County.

Jurisdiction relinquished.