**In Re: Condemnation by the REDE-VELOPMENT AUTHORITY OF the CITY OF ALLENTOWN, Condemnor, of 332–348 North Front Street, Allentown, Lehigh County, Pennsylvania, Ribbon Works Partner, LLC, Condemnee.**

**Appeal of: Redevelopment Authority of the City of Allentown.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2011.

Decided Oct. 17, 2011.

Reargument Denied Dec. 7, 2011.

Catherine S. Beller Meinhart, Allentown, for appellant.

Daniel S. Coval, Jr., Bala Cynwyd, for appellee.

BEFORE: SIMPSON, Judge, and BUTLER, Judge, and QUIGLEY, Senior Judge.

OPINION BY Judge BUTLER.

The Redevelopment Authority of the City of Allentown (RACA) appeals from the January 13, 2011 order of the Court of Common Pleas of Lehigh County (trial court) sustaining Preliminary Objections filed by Ribbon Works Partners, LLC (Condemnee), and striking the Amended Declaration of Taking. There are four issues before the Court: (1) whether the trial court erred in determining that Section 302(e) of the Eminent Domain Code (Code), 26 Pa.C.S. § 302(e), is analogous to a statute of limitations; (2) whether the trial court erred in not considering *In re Condemnation Proceeding by Lower Macungie Township,* 74 Pa. D & C 4th 112 (2005) (*Lower Macungie Township*); (3) whether the trial court erred in finding that the notice of the determination of blight and of appeal rights was not properly served upon Condemnee; and (4) whether the findings of fact are supported by the record. For the reasons set forth below, we affirm the trial court's order.

Condemnee purchased property located at 332–348 N. Front Street, in Allentown (the property), in October of 2003 for $440,000.00. On March 8, 2004, the property was determined to be blighted. Condemnee did not appeal this determination. On June 14, 2005, the RACA adopted a resolution authorizing the executive director to acquire the property through eminent domain. On June 15, 2005, the Allentown City Council adopted a resolution authorizing RACA to acquire the property through eminent domain, if necessary.

On September 15, 2008, the RACA filed a Declaration of Taking (Declaration). Condemnee filed Preliminary Objections alleging that the Declaration was not filed within the required year from the date of authorization. On December 3, 2008, the RACA adopted another resolution continuing the authorization of the taking of the property. On December 11, 2008, the RACA filed an Amended Declaration of

Taking (Amended Declaration). Condemnee filed Preliminary Objections to the Amended Declaration. On January 13, 2011, the trial court sustained the Preliminary Objections, and both the Declaration and Amended Declaration were stricken. RACA appealed to this Court.[1]

■ RACA argues that the trial court erred in determining that Section 302(e) of the Code is analogous to a statute of limitations. Specifically, RACA contends that amended declarations may be filed as of course without instituting new court actions in order to cure technical defects. RACA further contends that Section 205(e) of the Code, 26 Pa.C.S. § 205(e), should be the applicable statute of limitations, not Section 302(e) of the Code. We disagree.

Section 205(c)(2) of the Code, 26 Pa.C.S. § 205(c)(2), states: "A condemnor may use eminent domain to acquire any unit of property within a blighted area so declared pursuant to this section[;]" Section 205(e) of the Code states: "The declaration of a blighted area shall expire after 20 years[;]" and Section 302(e) of the Code states: "The condemnor shall file within one year of the action authorizing the declaration of taking, a declaration of taking covering all properties included in the authorization not otherwise acquired by the condemnor within this time."

Here, RACA had the property determined a blight in 2004. It had 20 years to commence its eminent domain procedures. Thus, RACA timely passed the resolution authorizing the condemnation. However, it only had one year from the date of that resolution to file its Declaration. Clearly, it did not do so. There is nothing in either section stated above giving RACA authority to extend the one year time period by adopting another resolution "continuing" the authority to condemn. Accordingly, the trial court did not err in sustaining the preliminary objections on the basis of the untimeliness of the filing of the Declaration.

■ RACA next argues that the trial court erred in not considering *Lower Macungie Township*. Specifically, RACA contends that *stare decisis* demands respect for prior decisions of the court. In *Lower Macungie Township*, a judge on the same court as the trial court found that there were no obstacles to permitting an amendment to a declaration of taking to incorporate a newly enacted statute. Thus, RACA contends that *Lower Macungie Township* would require the trial court here to permit RACA to amend its declaration to include the recent resolution continuing RACA's authority to condemn. We disagree.

"*Stare decisis* is not an iron mold into which every utterance by a Court-regardless of circumstances, parties, economic barometer and sociological climate-must be poured, and, where, like wet concrete, it must acquire an unyielding rigidity which nothing later can change." *Ins. Fed'n of Pa., Inc. v. Koken*, 801 A.2d 622, 630 (Pa. Cmwlth.2002) (Pellegrini, J., concurring) (quoting *Flagiello v. Pa. Hosp.*, 417 Pa. 486, 511, 208 A.2d 193, 205 (1965)), *rev'd on other grounds*, 585 Pa. 630, 889 A.2d 550 (2005). In addition, *Lower Macungie Township* did not involve the same issue, i.e., whether the one year requirement can be extended by resolution. Moreover, here, the resolution was passed without conforming to requisite procedures and in *Lower Macungie Township*, the trial court specifically gave the condemnor 90 days to

---

1. "Our standard of review of an order of the trial court sustaining preliminary objections is limited to a determination of whether the trial court committed an error of law or abused its discretion." *Bradley v. O'Donoghue*, 823 A.2d 1038, 1040 (Pa.Cmwlth.2003).

fulfill his notice, advertising, and meeting requirements needed to pass the resolution. Accordingly, the trial court did not abuse its discretion by not permitting RACA to amend its Declaration to include the recent resolution continuing RACA's authority to condemn.

█ RACA next argues that the trial court erred in finding that the notice of the determination of blight and of appeal rights was not properly served upon Condemnee. RACA specifically contends that Exhibit B to the Amended Declaration i.e., the actual notice, certified mail, return receipt requested, clearly demonstrates proper service of notice as required by Section 12.1(e)(2) of the Urban Redevelopment Law (URL), 35 P.S. § 1712.1(e)(2).[2] Further, RACA contends that Section 1741.11 of the Allentown City Codified Ordinances provides that notices should be served upon the owner by certified mail, unrestricted delivery, return receipt requested, and RACA did that. We disagree.

> Section 12.1(e)(2) of the URL provides: No property shall be certified to the Redevelopment Authority unless the owner of the property or an agent designated by him for receipt of service of notices within the municipality has been served with notice of the determination that the property is blighted, together with an appropriate order to eliminate the conditions causing the blight and notification that failure to do so may render the property subject to condemnation under this act. The notice *shall be served upon the owner or his agent in accord with the provisions of a local*

> *ordinance pertaining to service of notice of determination of a public nuisance . . . .*

(Emphasis added). Section 1741.11 of the Allentown City Codified Ordinances provides that notice shall be served "by mailing to the last known address of the person to be served by certified mail, unrestricted delivery, return receipt requested and if returned as unclaimed to be sent by first class mail." Trial Ct. Op. at 6.

Here, it is undisputed that the notice was sent by certified mail, unrestricted delivery, return receipt requested. However, the return receipt came back with no signature and no indication that Condemnee had refused delivery. Without a signature or a notation of refusal, there is no proof of service. *See* Pa.R.C.P. No. 405(c). RACA should have sent notice by first class mail when the card was returned with no signature. Accordingly, the trial court did not err in finding that the notice of the determination of blight and of appeal rights was not properly served upon Condemnee.

Finally, RACA argues that the findings of fact are not supported by the record. Specifically, RACA contends that three of the factual findings made by the trial court were incorrect, thus the trial court did not review the evidence and therefore abused its discretion.[3] We disagree.

█ There may, in fact, be some inconsistencies in a few of the trial court's findings. For example, the trial court stated that the RACA's Board of Directors reconvened and adopted a resolution authorizing the taking of property, when in fact the resolution was adopted by RACA's Board

---

2. Act of May 24, 1945, P.L. 991, *as amended,* added by Section 2 of the Act of June 23, 1978, P.L. 556, 35 P.S. § 1712.1(e)(2).

3. The three findings are: (1) RACA began proceedings that ultimately resulted in a determination that the property was blighted, (2) RACA's Board of Directors reconvened and adopted a resolution authorizing the taking of the property, and (3) the certified mail green card did not contain an identifier.

of Directors at a regularly scheduled and advertised monthly public meeting. Additionally, the trial court found that the RACA began proceedings which ultimately resulted in a determination of blight, when, in fact, the Blighted Property Review Committee and the Allentown City Planning Commission conducted the hearings that led to the determination. However, the RACA is the coordinator for the URL blighted property review process, such that the statement that the RACA began proceedings is not actually an incorrect statement. In any event, the alleged inconsistencies are not material to the issues raised in the preliminary objections. Thus, they do not affect the trial court's order to sustain the preliminary objections, and the trial court did not abuse its discretion.

For all of the above reasons, the trial court's order is affirmed.

### ORDER

AND NOW, this 17th day of October, 2011, the January 13, 2011 order of the Court of Common Pleas of Lehigh County is affirmed.