# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendell Reed,

        Appellant

        v.

Paula Brown and Borough of
Colwyn

:
:
:
:
: No. 670 C.D. 2016
: SUBMITTED: March 3, 2017
:
:
:

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY JUDGE HEARTHWAY        FILED: July 13, 2017

Wendell Reed (Reed) appeals from an order entered March 23, 2016, in the Court of Common Pleas of Philadelphia County (trial court) which sustained in part the preliminary objections of Paula Brown (Brown) and the Borough of Colwyn (Borough) (together, Defendants) alleging improper venue, and transferred the matter to the Court of Common Pleas of Delaware County (Delaware CCP) pursuant to Pennsylvania Rules of Civil Procedure Number (Pa. R.C.P. No.) 2103(b).[1] We reverse and remand.

Reed commenced an action in the trial court alleging, among other claims, defamation against Defendants. The following facts are based on the

---

[1] Because of the trial court's disposition, it declined to rule on Defendants' other preliminary objections.

allegations as set forth in Reed's Second Amended Complaint (Complaint).[2]  In February of 2009, the Borough hired Reed as a police officer, and over time, he rose to the rank of Deputy Chief of Police.  In February of 2013, Reed resigned in an open meeting before Borough Council; the Borough Council accepted his resignation and wished him well.  In 2014, Reed applied for a job with the City of Philadelphia (City) and listed his previous employment with the Borough, stating that he had voluntarily resigned.  In October of 2014, the City made an offer of employment to Reed, conditioned upon a background check and employment verification.  The City hired Sterling Infosystems (Sterling) to perform a background check and an employment verification check.  On November 8, 2014, the City rescinded Reed's offer of employment, because he allegedly provided false information regarding resignation from the Borough.  Reed alleges that when Sterling contacted Brown, who was the Borough's manager, Brown falsely stated that Reed was terminated from his employment due to misconduct and that he was not eligible for rehire due to performance issues.  Reed contends that Brown's false statements were published to the City, its hiring agents, representatives and employees, and as a result of those statements, the City rescinded Reed's offer of employment.

---

[2] "When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999).  "Under that standard, the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts." *Id*.

Defendants filed preliminary objections to Reed's Complaint, arguing, among other things, improper venue pursuant to Pa. R.C.P. No. 1028(a)(1), asserting that venue did not lie in Philadelphia County. Reed filed a response. After oral argument, the trial court sustained the preliminary objections in part and ordered the case transferred to the Delaware CCP for all further action pursuant to Pa. R.C.P. No. 2103(b), which provides that "[e]xcept when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."[3] In its opinion in support of its order, the trial court reviewed Pa. R.C.P. No. 2103(b) as well as section 333 of the JARA Continuation Act of 1980 (Section 333 of JARA),[4] which permits a suit against a local agency to also be brought in the county where the cause of action arose or where the transaction or occurrence took place. The trial court stated that Reed's claim was based upon Brown's conduct of allegedly falsely reporting the reason why Reed left his job, and that all of that conduct occurred in Delaware County. The trial court concluded that, "[a]lthough relevant conduct in this case also occurred in Philadelphia County, the cause of action arose in Delaware County and the transactions upon which the cause of action arose, (i.e. the conduct of Defendant Brown) also occurred in Delaware County." (Trial court opinion at 3.) Accordingly, the trial court concluded that venue was proper in Delaware County and transferred the matter to the Delaware CCP.

---

[3] The parties do not dispute that the Borough is located in Delaware County.

[4] Act of October 5, 1980 P.L. 693, 42 P.S. § 20043.

3

Reed now appeals to this Court, arguing that the trial court committed an error of law and/or abused its discretion by sustaining Defendants' preliminary objections to venue and transferring this matter to the Delaware CCP. Reed argues that the trial court failed to give proper weight to his choice of forum,[5] and that venue was proper in the Philadelphia trial court, because the cause of action occurred in the City of Philadelphia.[6]

Defendants, on the other hand, argue that nothing establishes that Brown published any statement in Philadelphia. Defendants point out that Brown is alleged to have spoken to an investigator from Sterling in a phone call, which is not alleged to have occurred in Philadelphia. Defendants argue that while Sterling's reconveyance of the information may constitute publication on Sterling's part, it is not an act of publication by Brown. Defendants further argue that the place where damages become manifest is not sufficient to establish an occurrence from which a cause of action arises.

Our scope of review of a trial court order sustaining preliminary objections is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Keystone Sanitary Landfill, Inc. v. Monroe*

---

[5] The presumption in favor of a plaintiff's choice of forum has no application where, as here, the trial court is faced with the question of venue and is not faced with a question of *forum non conveniens*. *See Kring v. University of Pittsburgh*, 829 A.2d 673 (Pa. Super. 2003), *appeal denied*, 844 A.2d 553 (Pa. 2004).

[6] Reed also maintains that the trial court's opinion is internally inconsistent because it stated that "all of that conduct" (referring only to the phone interview) occurred in Delaware County yet stated that "relevant conduct" also occurred in Philadelphia. Reed argues that the findings are conclusory and do not address the evidence in the record.

4

*County Municipal Waste Management Authority*, 148 A.3d 915 (Pa. Cmwlth. 2016). As to an error of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

In Pennsylvania, objections to venue are treated as raising a question of jurisdiction. *Deyarmin v. Consolidated Rail Corporation*, 931 A.2d 1 (Pa. Super. 2007) (*citing County Construction Company v. Livengood Construction Corporation*, 142 A.2d 9 (Pa. 1958)). Venue either is or is not proper. *Deyarmin*. Section 333 of JARA governs venue when a political subdivision is a defendant in an action, whether that political subdivision is a sole defendant or one of many.[7] *Township of Whitpain v. Goldenberg*, 569 A.2d 1002 (Pa. Cmwlth. 1990); *see also Bradley v. O'Donoghue*, 823 A.2d 1038 (Pa. Cmwlth. 2003). Pursuant to Section 333 of JARA, actions against a political subdivision may be brought only in: (i) the county in which the political subdivision is located; (ii) the county in which the cause of action arose; or (iii) the county where a transaction or occurrence took place out of which the cause of action arose. *Ward v. Lower Southampton Township*, 614 A.2d 235 (Pa. 1992); *see* Section 333 of JARA, 42 P.S. § 20043.

---

[7] In *Ward v. Lower Southampton Township*, 614 A.2d 235 (Pa. 1992), our Supreme Court analyzed the interplay between Pa. R.C.P. No. 1006(c) (regarding venue when there are multiple defendants), Pa. R.C.P. No. 2103(b) (stating that unless a statute provides otherwise, an action against a political subdivision must be brought only in the county where the political subdivision is located), and Section 333 of JARA, 42 P.S. § 20043, which was enacted subsequent to Pa. R.C.P. No. 2103(b). The Supreme Court determined that Section 333 of JARA, 42 P.S. § 20043, controlled, and in enacting that section, the General Assembly designated locations in addition to the home county where a political subdivision may be sued. *Ward*.

Our Supreme Court interpreted the phrase "a transaction or occurrence" "to require that a transaction … and not merely some part of the transaction, take place in the county where venue is laid." *Craig v. W.J. Thiele & Sons, Inc.*, 149 A.2d 35, 37 (Pa. Cmwlth. 1959); *see* Note to Pa. R.C.P. No. 1006(a)(1) (referring to *Thiele* for the definition of transaction or occurrence).[8] "The Supreme Court explained that any other result 'would lead only to confusion and … 'forum shopping' if the law were to permit suit to be commenced against a [defendant] in any county where any facet of a complex transaction occurred.'" *Harris v. Brill*, 844 A.2d 567, 571 (Pa. Super. 2004) (*quoting Thiele*, 149 A.2d at 37). "[P]arties cannot avoid the 'transaction' requirement by characterizing 'a part of a transaction' as an 'occurrence.'" *Id.* (*citing Thiele*). "[I]n analyzing whether a 'transaction or occurrence' took place in a given county [it is appropriate] to examine the nature of the claim asserted and the elements constituting the cause of action." *Deyarmin*, 931 A.2d at 13.

Here, Reed's claim is based on the alleged defamatory conduct of Brown.[9] "An essential element of a defamation action is publication." *Flaxman v.*

---

[8] Although *Thiele* involved Pa. R.C.P. No. 1006(a)(1), and the case before us is governed by 42 P.S. § 20043, Pa. R.C.P. No. 1006(a)(1) contains the same language at issue here, i.e., the action may be brought in a county in which "the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose …." Pa. R.C.P. No. 1006(a)(1).

[9] Reed alleges the Borough is liable for Brown's conduct under the theory of *respondeat superior*. *See* Complaint, ¶¶ 48 – 52.

In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

      (1) The defamatory character of the communication.
      (2) Its publication by the defendant.
      (3) Its application to the plaintiff.
      (4) The understanding by the recipient of its defamatory meaning.

**(Footnote continued on next page…)**

*Burnett*, 574 A.2d 1061, 1066 (Pa. Super. 1990); *see* 42 Pa. C.S. § 8343(a). "[R]egardless of where the defamatory statement is written or printed, no cause of action for libel [defamation] arises until there is a publication of the defamatory matter, which is its communication intentionally or by negligent act to one other than the person defamed." *Gaetano v. Sharon Herald Company*, 231 A.2d 753, 755 (Pa. 1967) (quotation marks and citation omitted). Moreover, the recipient must understand the defamatory meaning and that it applies to the plaintiff. *See* 42 Pa. C.S. § 8343(a); *Gaetano*.

In *Gaetano*, our Supreme Court illustrated the importance of the recipient's understanding of the statement as being defamatory to the element of publication. The Supreme Court explained,

> if one writes or prints a defamatory letter in Mercer County and mails it to an addressee in Allegheny County, there obviously is no publication of the libel until the letter is read in Allegheny County and (which is most important) understood as being defamatory of the plaintiff.

*Gaetano*, 231 A.2d at 755. Similarly, the Supreme Court explained if a newspaper is published and circulated in New York City which includes a defamatory

---

**(continued…)**

> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
> (6) Special harm resulting to the plaintiff from its publication.
> (7) Abuse of a conditionally privileged occasion.

42 Pa. C.S. § 8343(a). "A private figure plaintiff must also prove negligence or wilful misconduct by the defendant." *Chicarella v. Passant*, 494 A.2d 1109, 1112 (Pa. Super. 1985).

statement of a person in Scranton but no one in New York City recognizes that person or the defamatory nature, no publication has occurred in New York City. *Id.* at 755. However, if the same newspaper circulates the defamatory statement in Scranton where the person and its defamatory nature are recognized, the newspaper has defamed the person in Scranton and not in New York City. *Id.* at 755-56. The Supreme Court stated that in determining where a cause of action for defamation arises, we must keep in mind that the primary purpose of an action for defamation is to restore one's unjustly tarnished reputation. *Id.* at 755.

Additionally, where a republication of a defamatory statement occurs, it is possible for venue to be proper in the location where the statements were made to the initial recipient, and where the republication occurred. *See Flaxman.* In *Flaxman*, the Pennsylvania Superior Court ruled that the allegedly defamatory statements made by the defendants were "published" in the location where the defendants made the statements to a news reporter. *Flaxman*, 574 A.2d at 1066. The court also stated a republication of the defamatory statements occurred when those statements were written in an article and circulated to subscribers; the republication occurred in the county where the article was circulated. *Id.* Additionally, where a recipient of a defamatory statement repeats, or republishes, the earlier statement, the author of the earlier statement is legally responsible for the republication only if the recipient was privileged to repeat it, or if the repetition was authorized or intended by the original defamer, or if the repetition was reasonably to be expected. *See* Restatement (Second) of Torts, § 576, cmt. b & c. (1977). In other words, "[i]f the person who repeats the defamation is privileged to repeat it, the repetition does not prevent the original defamation from being the

8

legal cause of the resulting harm." Restatement (Second) of Torts, § 576, cmt. b. (1977). Thus, where the first recipient repeats the statements to a second recipient and the first recipient was either privileged to do so, or the repetition was either authorized, intended or reasonably expected, the original author of the statements may be legally responsible.

Here, Reed alleges that the City hired Sterling to perform a background check and employment verification check. (Complaint, ¶ 17.) Reed further alleges that Brown made the defamatory statements when contacted by Sterling in connection with the employment verification check. (Complaint, ¶¶ 20, 21.) Reed also alleges that these statements were communicated to the City, its hiring agents, representatives and employees. (Complaint, ¶ 24.) As a result, the City rescinded its employment offer. (Complaint, ¶ 25.)

These allegations sufficiently allege that publication of Brown's statements occurred in Philadelphia County. The allegations sufficiently allege that the republication by Sterling to the City was authorized, intended or reasonably expected. Additionally, the alleged relationship between Sterling and the City may be sufficient to support a conditional privilege. *Cf. Baird v. Dun & Bradstreet, Inc.*, 285 A.2d 166 (Pa. 1971) (holding that a credit reporting agency has a conditional privilege to publish defamatory matter, provided the publication is made in response to a request); *Chicarella v. Passant*, 494 A.2d 1109 (Pa. Super. 1985) (finding that an investigator's report to an insurance company constituted a conditionally privileged publication). In such a case where the recipient was privileged to repeat or republish the earlier statement and does so within that

9

privilege, the repetition does not prevent the original defamation from being the legal cause of the resulting harm. Restatement (Second) of Torts, § 576, cmt. b (1977). Thus, the Complaint sufficiently alleges facts to support that a republication of Brown's statement occurred in Philadelphia. *See Flaxman.* Additionally, the Complaint sufficiently alleges that the City, as the recipient of the republication of Brown's statements, understood the defamatory meaning and that it applied to Reed. *See* 42 Pa. C.S. § 8343(a); *Gaetano.* Accordingly, Reed sufficiently alleged facts to establish that the republication occurred in Philadelphia. Because, under the circumstances as alleged, there is venue where the republication occurred, *see Flaxman*, there is venue in Philadelphia County. Accordingly, venue was not improper in Philadelphia County.

The trial court, however, ruled that venue was improper in Philadelphia County. This ruling appears to be based strictly on the trial court's misapplication of the law of defamation and resulting determination that the cause of action arose in Delaware County and the transactions upon which the cause of action was based, i.e., Brown's conduct, occurred in Delaware County. Because the trial court's decision to transfer venue was based solely on a legally erroneous determination that venue did not lie in Philadelphia County, the trial court committed an error of law.[10]

---

[10] While venue could lie in both Philadelphia and Delaware Counties here under Section 333 of JARA, 42 P.S. § 20043, the trial court's decision to transfer venue was based strictly on its legally erroneous determination that venue was improper in Philadelphia.

Accordingly, we reverse the trial court's order and remand the matter to the trial court for further proceedings.[11]

_____
JULIA K. HEARTHWAY, Judge

---

[11] Reed's appeal was filed before the transfer to the Delaware CCP was effectuated. *See* Pa. R.A.P. 311(c) (stating an appeal may be taken as of right from an order transferring venue).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendell Reed,                :
          Appellant     :
                   :
        v.            :  No. 670 C.D. 2016
                   :
Paula Brown and Borough of   :
Colwyn                  :

### O R D E R

AND NOW, this 13th day of July, 2017, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and this matter is remanded to the Court of Common Pleas of Philadelphia County for further proceedings.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge