# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Hoot and Nicole Hoot, : 
          Appellants : 
        : 
    v. : No. 769 C.D. 2019
        : ARGUED: November 18, 2021
American Driveline Systems, Inc., : 
AAMCO Transmissions, Inc., et al. : 

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED: December 13, 2021

Kenneth and Nicole Hoot appeal from the July 20, 2018 Orders of the Philadelphia County Court of Common Pleas (Trial Court) sustaining the Preliminary Objections filed by Hatfield Township (Hatfield) and the Commonwealth of Pennsylvania, Department of Transportation (DOT) and transferring this matter to the Montgomery County Court of Common Pleas (Transferee Court). The Trial Court concluded that, after Hatfield and DOT were joined as Additional Defendants, venue was proper in Montgomery County because Hatfield is located in Montgomery County, the accident giving rise to this suit occurred in Montgomery County, and DOT has its local office in Montgomery County. We agree and, therefore, affirm the Trial Court's Orders.[1]

---

[1] The Superior Court of Pennsylvania transferred this appeal to this Court for disposition by Order dated April 22, 2019.

## Background

This appeal stems from an accident that occurred on October 15, 2015, in which a vehicle operated by Curtis Pierre collided with a motorcycle operated by Mr. Hoot on Bethlehem Pike in Colmar, Pennsylvania. Mr. Pierre was employed by AAMCO of Colmar, which is located at 634 Bethlehem Pike. At the time of the accident, Mr. Pierre was test driving a customer's vehicle. As he exited the AAMCO of Colmar parking lot and attempted to turn onto the northbound lane of Bethlehem Pike, Mr. Pierre collided with Mr. Hoot, who was traveling southbound on Bethlehem Pike. Mr. Hoot was vaulted through the air and came to rest unconscious on the roadway. Mr. Hoot sustained serious injuries as a result of the collision.[2]

On October 12, 2017, the Hoots filed a Complaint in the Trial Court against Mr. Pierre, AAMCO of Colmar, JZM, Inc. (JZM), John Lynn, Two Putt, Inc., AAMCO Transmissions, Inc. (AAMCO Transmissions), and American DriveLine Systems, Inc. (American DriveLine).[3] The Hoots asserted the following causes of action:

- Count I: negligence against Mr. Pierre, and vicarious liability against all other Defendants;

- Count II: failure to maintain liability insurance against Mr. Lynn, JZM, Two Putt, Inc., and AAMCO of Colmar;

---

[2] According to the Complaint, Mr. Hoot's daughter, Jennifer Hoot, was seated on the rear of the motorcycle at the time of the collision. Compl. ¶ 24. The Complaint, however, does not allege that Jennifer Hoot was injured in the accident.

[3] Mr. Lynn is the franchise owner of AAMCO of Colmar, where Mr. Pierre worked, pursuant to a Franchise Agreement with AAMCO Transmissions. American DriveLine is the parent company of AAMCO Transmissions. We are unable to discern from the record the precise relationship between JZM, Two Putt, Inc., and the other Defendants.

- Count III: failure to maintain liability insurance against AAMCO Transmissions and American DriveLine;

- Count IV: third-party beneficiary claims against Mr. Lynn, JZM, Two Putt, Inc., and AAMCO of Colmar;

- County V: third-party beneficiary claims against AAMCO Transmissions and American DriveLine; and

- Count VI: loss of consortium on behalf of Mrs. Hoot.

Thereafter, several Defendants filed Preliminary Objections to the Complaint, asserting, among other things, that venue was improper in Philadelphia County because Defendants are located in Montgomery County and the accident occurred in Montgomery County. In response, the Hoots maintained that venue was proper in Philadelphia County because AAMCO Transmissions and American DriveLine regularly conduct business in Philadelphia County.[4] After briefing and oral argument by the parties, on March 2, 2018, the Trial Court[5] overruled the Preliminary Objections as to venue. The Trial Court did not issue an opinion in connection with its March 2, 2018 Orders.

On December 11, 2017, JZM, Mr. Lynn, and AAMCO of Colmar (together, Joining Defendants) filed Praecipes for Writ to Join Additional Defendant, directed to DOT and Hatfield. On April 9, 2018, Joining Defendants filed a Joinder Complaint Directed to Additional Defendants DOT and Hatfield (Joinder Complaint) in the Trial Court. Joining Defendants alleged that: (1) the accident

[4] *See* Pa.R.Civ.P. 1006(c)(1) ("[A]n action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants.").

[5] Judge Arnold L. New ruled on the initial round of Preliminary Objections. Judge Karen Shreeves-Johns ruled on the Preliminary Objections at issue in this appeal.

3

occurred on a DOT-owned roadway and DOT was negligent in redesigning, maintaining, and inspecting the roadway; and (2) Hatfield was negligent in designing, maintaining, and inspecting the traffic light at the intersection near the accident site. Joinder Compl. ¶¶ 5, 6. Joining Defendants further averred that Hatfield and DOT were "solely liable to [the Hoots]," or "have liability to the [J]oining Defendants for indemnity and/or contribution," or were "jointly and severally liable" for the Hoots' injuries. *Id.* ¶ 9.

Hatfield and DOT both filed Preliminary Objections to the Joinder Complaint based on improper venue, seeking transfer of the matter to Montgomery County. The Hoots also filed Preliminary Objections to the Joinder Complaint, seeking dismissal of the Joinder Complaint on immunity grounds. In their Preliminary Objections, the Hoots asserted that DOT and Hatfield are immune from suit under Section 502(b)(4)(i) of the Pennsylvania Construction Code Act, Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. § 7210.502(b)(4)(i), commonly known as the Driveway Immunity Provision.[6]

On July 20, 2018, the Trial Court entered two Orders, sustaining Hatfield's and DOT's Preliminary Objections and transferring the matter to the Transferee Court. The Trial Court first rejected the Hoots' claim that the Trial Court was required to rule on their Preliminary Objections before addressing venue. Relying on this Court's decisions in *Alter v. Pennsylvania Gas and Water Company*, 532 A.2d 913 (Pa. Cmwlth. 1987), and *Bradley v. O'Donoghue*, 823 A.2d 1038 (Pa. Cmwlth. 2003), the Trial Court determined that it "was required to transfer venue to

---

[6] The Driveway Immunity Provision states: "Neither [DOT] nor any municipality to which permit-issuing authority has been delegated under [S]ection 420 of the State Highway Law[, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670-420,] shall be liable in damages for any injury to persons or property arising out of the issuance or denial of a driveway permit or for failure to regulate any driveway." 35 P.S. § 7210.502(b)(4)(i).

4

Montgomery County based on [Hatfield's and DOT's] proper objections to venue." Trial Ct. Op., 10/17/18, at 5 (unpaginated). The Trial Court explained that "*Alter* and *Bradley* clearly demonstrate[ that] th[e Trial C]ourt was under no obligation to rule on the [Hoots'] demurrers [seeking dismissal on immunity grounds] before transfer and [that] th[e Trial Court] did not have the authority to do so once it determined it lacked venue." *Id.*

The Trial Court then concluded that venue was proper in Montgomery County because: (1) Hatfield, a political subdivision, is located in Montgomery County; (2) the accident occurred in Montgomery County; and (3) DOT has its local office in Montgomery County. The Trial Court explained its reasoning as follows:

> Venue as to Hatfield . . . is governed by [Pa.R.Civ.P.] 2103[,] which mandates that "an action against a political subdivision may be brought *only in the county in which the political subdivision is located*." [Section 333 of t]he JARA Continuation Act of 1980 [(JARA Continuation Act), Act of October 5, 1980, P.L. 693, *as amended*, 42 P.S. § 20043,] further mandates that "claims against a local agency may be brought in and *only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose*." . . . Hatfield . . . . is a political subdivision located entirely[] within Montgomery County and the occurrence which triggered the cause of action occurred entirely within Montgomery County. Therefore, *venue was only proper for this action against Hatfield . . . in Montgomery County*.

> Venue as to [DOT] is governed by Section 8523(a) of the Judicial Code[,] which states that "claims against a Commonwealth party may be brought in and *only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose*." 42 Pa.[]C.S. §[]8523(a). [DOT] is a "Commonwealth party" as defined by Section 8501 of the Judicial Code. 42 Pa.[]C.S. §[]8501. The Pennsylvania Code further defines

5

the local office of the Commonwealth party as "*the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose*." 37 Pa. Code § 111.4(c). [DOT's] principal office is located in Harrisburg, P[ennsylvania,] which is located in Dauphin County. [DOT's] local office based on this action is located in King of Prussia, P[ennsylvania,] which is located in Montgomery County. Therefore, in this action, *venue for [DOT] is proper [either] in Dauphin County, the location of its principal office, or Montgomery County, the location of its local office and the cause of action.*

*Id.* at 5-7 (some internal citations omitted) (emphasis added).

The Trial Court also rejected the Hoots' claim that Joining Defendants' impetus in filing the Joinder Complaint was to circumvent proper venue in Philadelphia County, finding that the Hoots "provide[d] no support for this contention. Unsubstantiated claims of improper motivation are not enough to overturn a trial court's determination of venue." *Id.* at 5.

Therefore, the Trial Court sustained both Hatfield's and DOT's Preliminary Objections as to venue and transferred the matter to the Transferee Court. The Hoots now appeal to this Court.[7]

## **Analysis**

On appeal, the Hoots assert that the Trial Court was required to rule on the merits of their Preliminary Objections before considering whether venue was proper in Philadelphia County. The Hoots contend that by sustaining Hatfield's and DOT's venue objections, without considering the viability of the underlying joinder claims, the Trial Court committed an error of law. We disagree.

---

[7] Our scope of review of the Trial Court's Order sustaining preliminary objections on the basis of improper venue is limited to determining whether the Trial Court committed an error of law or abused its discretion. *Keystone Sanitary Landfill, Inc. v. Monroe Cnty. Mun. Waste Mgmt. Auth.*, 148 A.3d 915, 916 n.2 (Pa. Cmwlth. 2016).

6

Our Court has held on two prior occasions that venue, when properly objected to, must be decided before any non-venue-related preliminary objections. In *Alter*, the plaintiffs filed an action against Pennsylvania Gas and Water Company and various municipalities, some of which were not located in the county in which the plaintiffs filed suit. 532 A.2d at 913-14. Several defendants filed preliminary objections to the complaint. *Id.* at 914. While those preliminary objections were pending, several municipalities filed motions to transfer venue, which the trial court granted *before* adjudicating the pending preliminary objections. *Id.*

On appeal, the defendants argued that the trial court erred in failing to rule on their preliminary objections before transferring venue. *Id.* We concluded that the trial court was *not* required to adjudicate the pending preliminary objections before transferring venue, stating:

> It is a fundamental and basic concept that any court has jurisdiction to decide if it has jurisdiction or venue. And, *should it decide that it lacks venue in an instance where there has been a proper objection to venue, then the court must transfer or dismiss the case, for it is without legal authority to do anything else.*

*Id.* at 915 (emphasis added). We noted that, following transfer, the transferee court could rule on the outstanding preliminary objections and was well-equipped to hear those objections because it had already attained jurisdiction of similar cases. *Id.* at 915-16.

Subsequently, in *Bradley*, a 16-year-old girl was struck by a vehicle while walking across the road after purchasing food at a Burger King restaurant in Bristol Borough, sustaining catastrophic injuries. 823 A.2d at 1039. She and her mother filed suit in Philadelphia County against several defendants, including O'Donoghue, the driver of the vehicle; Burger King and its parent company (together, Burger

King); and Bristol Township and Bristol Borough (together, Bristol). *Id.* O'Donoghue and Bristol filed preliminary objections to the complaint on the basis of improper venue. *Id.* Burger King also filed preliminary objections, but did not challenge venue. The trial court: (1) sustained Burger King's preliminary objections and dismissed it from the case; and (2) sustained O'Donoghue's and Bristol's preliminary objections as to venue and ordered a transfer of venue to Bucks County. *Id.* The plaintiffs appealed, arguing, among other things, that the trial court erred in ruling on the merits of Burger King's preliminary objections after finding that a change of venue was required. *Id.* at 1039-40.

On appeal, after reviewing the law regarding venue, we considered our prior decision in *Alter* and determined that a definitive rule was needed as to whether a trial court, upon deciding that a transfer of venue is required, must transfer the remaining preliminary objections to the transferee court. *Id.* at 1042. This Court held:

> It appears that in *Alter* it was agreed that a trial court could transfer the remaining preliminary objections where a change of venue occurred, but it was not stated that such transfer was mandatory. We believe that a definitive rule is necessary in this area. As such, *we conclude that when a trial court grants a change of venue through preliminary objections, it is without further authority to decide any remaining preliminary objections.*

*Id.* (emphasis added). Therefore, we concluded that the trial court erred in ruling on the merits of Burger King's preliminary objections after finding that a change of venue was required. *Id.*

Both *Alter* and *Bradley* are still good law and are binding on this Court. The Hoots do not argue otherwise. These decisions make clear that once the trial court determines that venue is improper and transfers the case to a court with proper venue,

8

it lacks authority to rule on any remaining preliminary objections. Therefore, we conclude that the Trial Court properly ruled on Hatfield's and DOT's venue objections without considering the merits of the Hoots' non-venue-related preliminary objections.

We further conclude that the Hoots' reliance on *Reed v. Brown*, 166 A.3d 570 (Pa. Cmwlth. 2017), is misplaced. The Hoots claim that *Reed* supports their contention that the Trial Court was required to "review the sufficiency of the allegations of [the] Joinder Complaint prior to granting the objections to venue." Hoots' Reply Br. at 4. We disagree.

*Reed* involved a police officer's defamation action against the borough for which he formerly worked and the borough's manager. Although the borough is located in Delaware County, the officer filed the action in Philadelphia County, alleging that the borough manager falsely stated to an agent of the City of Philadelphia (City), where the officer had applied for a job, that he was fired for misconduct and was ineligible for rehire due to performance issues. 166 A.3d at 572. The City's agent communicated that statement to the City, and the City rescinded its offer of employment to the officer. *Id.*

The borough defendants filed preliminary objections to the complaint, arguing improper venue in Philadelphia County. *Id.* at 572-73. The trial court sustained the preliminary objections and transferred the matter to Delaware County, concluding that, "'[a]lthough relevant conduct . . . also occurred in Philadelphia County, the cause of action arose in Delaware County and the transactions upon which the cause of action arose[] (i.e.[,] the conduct of [the borough manager]) also occurred in Delaware County.'" *Id.* at 573 (quoting trial court opinion).

9

On appeal, this Court concluded that, in ruling on venue, the trial court had misapplied the law governing defamation, which permits a cause of action to be filed in the county in which republication of the allegedly defamatory statement occurred. *Id.* at 575. We determined that the officer's complaint sufficiently alleged that republication of the defamatory statement occurred in Philadelphia County and that the City, as the recipient of the republication, understood the defamatory meaning of the statement. *Id.* at 576. Therefore, we concluded that venue was proper in Philadelphia County and reversed the trial court's ruling. *Id.* Importantly, in making this determination, we explained:

> *Th[e trial court's] ruling appears to be based strictly on the trial court's misapplication of the law of defamation and resulting determination that the cause of action arose in Delaware County and the transactions upon which the cause of action was based*[] . . . occurred in Delaware County. *Because the trial court's decision to transfer venue was based solely on a legally erroneous determination that venue did not lie in Philadelphia County*, the trial court committed an error of law.

*Id.* (emphasis added).

While it is true, as the Hoots point out, that the *Reed* Court reviewed the allegations in the complaint before ruling on venue, this Court did so *only* to determine whether the trial court's *venue ruling* was proper – i.e., whether the defamation allegations established that the cause of action arose in Philadelphia County. *See id.* at 574-75. This Court did not, as the Hoots suggest, consider the viability or merits of the underlying defamation claims. Moreover, the Hoots do not contend that venue as to Hatfield and DOT is improper in Montgomery County or that the Trial Court's venue rulings in this case were legally erroneous, as was the case in *Reed*. The Hoots argue only that the Trial Court should not have reached the

10

venue issue in light of their pending Preliminary Objections seeking dismissal of the Joinder Complaint on immunity grounds. However, whether Hatfield and DOT are immune from liability under the Driveway Immunity Provision is immaterial to the question of venue, which, when properly objected to, must be decided in the first instance. *See Bradley*, 823 A.2d at 1042; *Alter*, 532 A.2d at 915.

Here, the Trial Court correctly determined that the joinder of Hatfield and DOT in this action required that venue be transferred to Montgomery County, where Hatfield is located, where the accident giving rise to this suit occurred, and where DOT has its local office. *Cf. Ribnicky v. Yerex*, 701 A.2d 1348, 1351 (Pa. 1997) (holding that the defendants' joinder of the city as an additional defendant was an "action" within the meaning of the venue statute permitting an action against a local agency to be brought only in the county where the agency is located, the cause of action arose, or the transaction or occurrence took place; thus, the city's joinder in the action required a transfer of venue); *Cummings v. Elinsky*, 803 A.2d 850, 852 (Pa. Cmwlth. 2002) (the plaintiffs filed a complaint against several defendants, who brought in the township as an additional defendant; this Court held that, under *Ribnicky*, because the joinder complaint constituted the commencement of an "action," venue was proper in the county where the township was located and where the accident occurred). That determination precluded the Trial Court from adjudicating any other substantive issues raised in the Hoots' Preliminary Objections.

## Conclusion

We conclude that the Hoots' contention that the Trial Court was required to adjudicate the merits of their Preliminary Objections before ruling on the venue objections is unsupported by our Court's precedent. Once the Trial Court

11

determined that the joinder of Hatfield and DOT required that venue be transferred to Montgomery County, the Trial Court lacked authority to adjudicate the remaining non-venue-related Preliminary Objections to the Joinder Complaint. The remaining Preliminary Objections may be decided by the Transferee Court.

Accordingly, because we conclude that the Trial Court properly sustained Hatfield's and DOT's Preliminary Objections as to venue and transferred this matter to the Transferee Court, we affirm the Trial Court's Order.[8]

_____
ELLEN CEISLER, Judge

Judge McCullough did not participate in the decision of this case.

_____

[8] In the Statement of Questions Involved section of their brief, the Hoots also assert that the Trial Court erred in transferring venue because the Joinder Defendants, by joining Hatfield and DOT, were merely attempting to circumvent proper venue in Philadelphia County. However, the Hoots do not address this issue in any detail in the Argument section of their brief. Therefore, they have waived this claim. *See Singer v. Bureau of Pro. & Occupational Affs., State Bd. of Psychology*, 633 A.2d 246, 247 (Pa. Cmwlth. 1993). In any event, the Trial Court rejected the Hoots' claim of improper motive, finding that they offered no support for such a contention. Trial Ct. Op., 10/17/18, at 5.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Hoot and Nicole Hoot,      :
             Appellants      :
                             :
         v.                  :    No. 769 C.D. 2019
                             :
American Driveline Systems, Inc.,      :
AAMCO Transmissions, Inc., et al.    :

# **O R D E R**

AND NOW, this 13th day of December, 2021, the July 20, 2018 Orders of the Philadelphia County Court of Common Pleas are hereby AFFIRMED.

_____
ELLEN CEISLER, Judge