Gaetano *v.* Sharon Herald Company, Appellant.

Argued March 15, 1967. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Philip E. Brockway,* with him *William C. Kuhn,* and *Brockway, Brockway & Kuhn,* for appellants.

*Louis C. Glasso,* with him *Leonard L. Martino,* for appellees.

Opinion by Mr. Justice Eagen, June 29, 1967:

This is a libel action based upon an alleged defamatory article appearing in a newspaper published by the

corporate defendant, Sharon Herald Company (Corporation), and written by one of its employees, the individual defendant, Mairy Jayn Woge.

Corporation's sole place of business is in the city of Sharon, Mercer County, Pennsylvania, where the newspaper involved was admittedly composed, printed and published. The newspaper, in most part, was circulated in Sharon and the immediate area; however, twenty-five copies thereof or a relatively small number of the total publication were delivered through the United States mails to subscribers in Allegheny County, wherein all of the plaintiffs reside.

The action was instituted in Allegheny County and the complaint was served upon both defendants at Corporation's place of business in Mercer County by the sheriff of that county, who was deputized by the sheriff of Allegheny County for this purpose. The defendants each filed preliminary objections challenging the propriety of venue in Allegheny County. The lower court overruled the objections and this appeal followed.[1]

The appeal poses distinct questions as to each defendant, and separate discussion is required.

## Venue as to Corporation

Under the Pennsylvania Rules of Civil Procedure (Pa. R. C. P. 2179(a)(3)), a personal action against a corporation may be brought in the county where the cause of action arose. See *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A. 2d 252 (1965). Corporation contends that the cause of action, or the act allegedly violative of plaintiffs' rights, occurred where the news-

---

[1] For procedural purposes objections to venue are treated as raising a question of jurisdiction, Pa. R. C. P. 1017(b)(1). See also, *County Construction Co. v. Livengood Construction Corp.*, 393 Pa. 39, 142 A. 2d 9 (1958). Hence, an appeal lies under the Act of March 5, 1925, P. L. 23, §§1 and 2, 12 P.S. §§672 and 673.

paper was printed and "primarily circulated", i.e., Mercer County; hence, venue lies only in that county. While there is authority in some jurisdictions to support this position,[2] we do not subscribe thereto. In our view, it is premised on a confused understanding of the word "publication" as it applies to defamation and is in conflict with the fundamental principles of an action in libel.

When one speaks of the "publication" of a newspaper, we think of the actual plant where it is physically printed and "published." But this in itself has nothing to do with the "publication" of a defamatory statement contained in the newspaper. The word "publication" in this sense has a different connotation. Several examples could be cited to demonstrate this point. For instance, assume that all of the copies of the newspaper involved had been picked up at the newspaper plant in Mercer County and taken to and distributed in Allegheny County. There would have been no "publication" of the defamatory article in Mercer County. The only publication would have taken place in Allegheny County. And, regardless of where the defamatory statement is written or printed, no cause of action for libel arises until there is a publication of the defamatory matter, which is "its communication intentionally or by a negligent act to one other than the person defamed": Restatement, Torts §577 (1938). Likewise, if one writes or prints a defamatory letter in Mercer County and mails it to an addressee in Allegheny County, there obviously is no publication of the libel until the letter is read in Allegheny County and (which is most important) understood as being defamatory of the plaintiff.

---

[2] See *Forman v. Mississippi Publishers Corp.*, 195 Miss. 90, 14 So. 2d 344 (1943); *O'Malley v. Statesman Printing Co.*, 60 Idaho 326, 91 P. 2d 357 (1939); *Age-Herald Publishing Co. v. Huddleston*, 207 Ala. 40, 92 So. 193 (1921).

Moreover, in determining where a cause of action for libel arises, we must keep certain fundamental points in mind. The most important function of an action for defamation is to give the innocent and injured plaintiff a public vindication of his good name. Its primary purpose is to restore his unjustly tarnished reputation, and "reputation is the estimation in which one's character is held by his neighbors or associates." Restatement, Torts §577, comment b (1938).

If a newspaper is published and circulated in New York City which includes a defamatory statement of a person in Scranton, Pennsylvania, but no one in New York City recognizes the article as applying to the individual defamed, or if there is such recognition of identity but no realization that the article is defamatory of the person in Scranton, then there is no publication in New York City. See Restatement, Torts §577, comment c (1938). However, if a few copies of this newspaper published in New York City are sent to Scranton and there read by the Scrantonian's neighbors or associates who recognize the reference to him and reasonably believe that it is defamatory, then the newspaper has libeled him in Scranton, and not in New York City, the place where the newspaper is printed and "primarily circulated."[3] Compare *Peck v. Tribune Company*, 214 U.S. 185 (1909).

Further, the rule which Corporation asks us to adopt would be particularly unworkable in many situa-

---

[3] Another example in which there is no publication of a libel at the place where the newspaper is "primarily circulated" is where the communication in the newspaper is innocent on its face and is made defamatory because of extrinsic circumstances, which is the so-called "libel per quod." For a scholarly discussion of a libel of this nature by an eminent authority, see Eldredge, The Spurious Rule of Libel Per Quod, 79 Harv. L. Rev. 733 (1966). See also partial replication thereto (as to the jurisdictional vitality of the per quod rule): Prosser, More Libel Per Quod, 79 Harv. L. Rev. 1629 (1966).

tions involving our present media of communications. For instance, where a magazine is printed and sent out from Chicago and is sold from stores in Philadelphia and contains an exposé type of article which defames a Philadelphia resident: Must he go to Chicago to obtain redress? The problem becomes more acute with a radio or television program which defames a person residing in a place far removed from the area wherein the program originates.

Corporation submits the Uniform Single Publication Act, Act of August 21, 1953, P. L. 1242, §1, 12 P.S. §2090.1 in support of its position. But this has no relevance to the problem at hand.

Under the English and American common law rule, every sale of a single copy of a newspaper was a distinct publication, giving rise to a separate cause of action. See Gatley, Libel and Slander (5th ed. 1960) at 424; Prosser, Torts §94 (2d ed. 1955) at 599; and Restatement, Torts §578, comment b (1938). As a result, in times past a large number of separate lawsuits were instituted against a newspaper based upon the one defamatory story. The Act of 1953, supra, which limits individuals so defamed to one cause of action for the entire publication, regardless of the number of individual copies of the newspaper published, was enacted to eliminate such successive oppressive harassment and not to fix the site of the cause of action. On the other hand, Pa. R. C. P. 2179, supra, was designed to give a plaintiff, who has a tort committed upon him by a corporation in his own bailiwick, a convenient forum in which to obtain redress without the undue expense, inconvenience and delay of resorting to a forum in a distant metropolitan area. See *County Construction Co. v. Livengood Construction Co.,* supra.

Therefore, it is our conclusion that a cause of action in favor of the plaintiffs arose in Allegheny County and, this being so, under Pa. R. C. P. 2179, supra,

venue properly lies in that county in the action against Corporation and jurisdiction over the person of Corporation was validly effected by deputized service under Pa. R. C. P. 1006. Hence, the order of the court below as to this defendant will be affirmed.

## Venue as to Woge

While Pa. R. C. P. 2179, supra, permits venue in a libel action against a corporation in the county where the cause of action arose, there is no such rule or statute authorizing this in the situation where the libel action is against an individual. In fact under Pa. R. C. P. 1006(a) and 1042, venue in such instances is limited to the county wherein the individual defendant can be served. Pa. R. C. P. 1043[4] relied upon by the plaintiffs to establish venue of the action in Allegheny County against the individual defendant, Woge, has no such effect. This rule, dealing with deputized service, applies only where a rule or statute prescribes that the action may be brought in the county where the cause of action arose. See Pa. R. C. P. 1042; 2A Anderson, Pa. Civil Practice §1043.2 at n. 30, §1042.1 at 632-634 (1960). See also *Bookwalter v. Stewart,* 369 Pa. 108, 110-111, 85 A. 2d 100, 101 (1952). The challenge to venue in Allegheny County by the defendant, Woge, should, therefore, have been sustained.

Finally, we find no abuse of discretion in the lower court's action in permitting an amendment to the complaint.

Order as modified is affirmed.

---

[4] This rule provides that "When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."