Hayden Carl JONES

v.

RCA MUSIC SERVICE, et al.

Civ. A. No. 81–4659.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1982.

Hayden Carl Jones, pro se.

Arthur H. Kahn, Jeffrey W. Golan, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

MEMORANDUM

GILES, District Judge.

Defendants move to dismiss this pro se complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. For the reasons which follow, the motion will be granted.

Plaintiff Hayden Carl Jones alleges that defendants sent collection letters to "Joe Jones" stating that Joe Jones had agreed to buy records from defendant RCA Music Service ("RCA") and was in default on account. One letter was sent by RCA and signed by "John Stormont," a fictitious named used by RCA on collection letters. The other was sent by RCA's attorney, defendant Philip F. Boberschmidt. Plaintiff also alleges that Boberschmidt advised his client that plaintiff was in default. Plaintiff contends that defendants are liable to him for the tort of libel. The complaint also may be construed to allege intentional infliction of mental distress.

Defendants move to dismiss the complaint. They contend that there is no subject-matter jurisdiction, and no personal jurisdiction over Boberschmidt. Furthermore, they argue that plaintiff fails to state a claim for defamation because there has been no publication. Finally, they argue that their alleged actions cannot rise to the level of outrageousness needed for a claim of infliction of mental distress.

Defendants do not argue actual lack of subject-matter jurisdiction; rather, they ar-

gue that the complaint is defective in its allegations of diversity. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 549–50 (1969). The complaint is defective. The appropriate response normally is dismissal with leave to amend. Here, however, that response is unnecessary because amendment is futile.

 Assuming, arguendo, that plaintiff could correct the defective jurisdictional allegations, the case must be dismissed on its merits.[1] Assuming, as I must, that the complaint correctly states that the communications in question were false, and also assuming, as I need not, that the falsehoods could be defamatory, and could defame Joe Jones, there was no publication of the letters. Pennsylvania law requires, as an essential element of defamation, that the falsehood be communicated to one other than the person defamed. *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 231 A.2d 753 (1967); *see Restatement (Second) of Torts* § 577(1) (1977). The letters, according to the complaint, were communicated only to Joe Jones. Therefore, they were unpublished, and cannot constitute the basis for a libel action.

Regarding communications between RCA and its attorney, a statement that plaintiff had agreed to buy records from RCA is not defamatory—it cannot reasonably lower plaintiff's reputation in the estimation of the community or deter others from dealing with him. *See id.* § 559. Furthermore, because the statement was in connection with advice that RCA could sue plaintiff, *see* Complaint ¶ 8, it is absolutely privileged as preliminary to a proposed judicial proceeding. *Restatement (Second) of Torts* § 586.

Regarding any claim for mental distress, the complaint also must fail. Statements that plaintiff or Joe Jones were members of, or owed money to, the RCA Music Service Club simply are not "extreme and outrageous conduct," *Restatement (Second) of Torts* § 46(1), or "extraordinarily despicable." *Cautilli v. GAF Corp.*, Civil Action No. 81–2835, slip op. at 5 (E.D.Pa. Jan. 12, 1982) (Becker, J.); *see generally id.* at 4–12. Therefore, this claim also must be dismissed.[2]

---

1. *See Switlick v. Hardwicke Co.*, 651 F.2d 852, 856 (3d Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981); *Manning v. Trustees of Tufts College*, 613 F.2d 1200, 1202 (1st Cir. 1980); *see also, e.g., O'Shea v. Littleton*, 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). *See generally* Comment, *Assuming Jurisdiction Arguendo: The Rationale and Limits of Hypothetical Jurisdiction*, 127 U.Pa.L.Rev. 712 (1979).

2. The letters to Joe Jones appear to be adequate contact with Pennsylvania for exercise of specific personal jurisdiction over Boberschmidt. *See, e.g., Paolino v. Channel Home Centers*, 668 F.2d 721, 724 (3d Cir. 1981); *Delaware Valley Factors v. Coma Export, Inc.*, 530 F.Supp. 180, 184 (E.D.Pa.1982); 42 Pa. Cons.Stat.Ann. § 5322(a)(4).