## Allen v. Molinaro

*Stanley M. Stein,* for plaintiff.
*Jeffrey M. Friedman,* for defendant.

FINKELHOR, *J.,* July 31, 1984 — The above matter is before the court for disposition of defendant's preliminary objections to plaintiff's complaint in trespass. Count 1 of plaintiff's complaint sounds in defamation and Count II alleges a deprivation of civil rights under 42 U.S.C. §1983. Defendant questions, inter alia, whether venue is proper in Allegheny County. Because the court concludes that the action should be transferred to Fayette County, it is unnecessary to discuss defendant's remaining objections.

## FACTS

This action centers around an allegedly defamatory statement uttered by the individual defendant. The statement was quoted in the Courier, a local newspaper of Connellsville, Fayette County, Pa. In Count II, plaintiff alleges that defendant used his position as County Commissioner of Fayette County to induce various law enforcement agencies to harass plaintiff and his employees and to file unjustified criminal charges against him.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure, Rule 1006(a), provides as follows:

"(a) Except as otherwise provided by subdivision (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."

Prior to the 1967 amendment to the rules which added the "cause of action county" language, an individual defendant in a libel action could only be sued in the county where he could be found and served. Gaetano v. Sharon Herald Co., 426 Pa. 179, 231 A.2d 753 (1967). The amendment to the rules broadened the effect of the venue provisions (incorporated in old Rule 1042), as to individuals, making them compatible with those applicable to corporations, partnerships and associations. 1 Goodrich Amram 2d §1006(a):1 (1976).

Nothing in these rules, however, authorizes venue in a county where defendant merely "does business." Patel v. Pannaccio, 2 D.&C.3d 209 (1977). In Patel, plaintiff allegedly sustained injuries in a fall on the premises of a store located in Delaware County. Plaintiff filed suit against the proprietor of the store, a resident of Montgomery County, in the Court of Common Pleas of Philadelphia County, and secured deputized service of the complaint. The court found venue improper in Philadelphia County and ordered the action transferred to Delaware County, as follows:

"Although the complaint recites that defendant 'does business in the County of Philadelphia,' neither the Supreme Court rules nor any other provision of law that has been brought to our attention authorizes the bringing of this action in the County of Philadelphia." 2 D.&C.3d at 210.

In the instant case, while plaintiff alleges that defendant, an attorney at law, does business within Allegheny County, he has failed to allege that defendant's business premises are in Allegheny County, nor does it appear that the alleged improper acts took place in said county.

Although venue may have been established by the sale of a single newspaper, which carried the al-

legedly defamatory statement, in Allegheny County, Gaetano v. Sharon Herald Co., supra; see also, 42 Pa.C.S.§8341 et seq., the newspaper is not a party to this action and plaintiff does not allege publication in Allegheny County.

Plaintiff argues instead that Allegheny County is a proper forum because he would be unable to receive a fair trial in Fayette County due to defendant's position as County Commissioner. The procedure for obtaining a change of venue under these circumstances is outlined in Rule 1006(d)(2):

"Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred."

Plaintiff has not followed this procedure. The determination of whether the case should be transferred to another county cannot be made by plaintiff acting unilaterally and by filing the action in a county where venue is improper.

For the reasons set forth above, defendant's preliminary objections are sustained and the case shall be transferred to Fayette County.

An appropriate order is attached hereto.

## ORDER OF COURT

And now, this July 31, 1984, upon the preliminary objections of defendant to venue in Allegheny County, it is hereby ordered, adjudged and decreed that said objections are sustained and the Prothonotary of the Allegheny County Common Pleas Court is directed to transfer the file of these proceedings to the Court of Common Pleas of Fayette County. Costs and fees for said transfer shall be shared by the parties.