IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Toriano Chaz Goldman,                          :
                              Appellant        :
          v.                                   :      No. 417 C.D. 2021
                                               :      Submitted: September 9, 2022
Robert Bennett, Badge #0022,                   :
James Friel, Badge #0092,                      :
Michael DeHoratius, Badge #0066                :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                      FILED: January 13, 2023


          Toriano Chaz Goldman (Goldman) appeals from the September 22, 2020
order of the Philadelphia County Court of Common Pleas (the trial court) sustaining
Robert Bennett's, James Friel's, and Michael DeHoratius's (collectively Police
Officers) preliminary objections to venue and transferring Goldman's complaint to
the Court of Common Pleas of Delaware County. On appeal, Goldman asserts the
trial court erred in granting Police Officers' preliminary objections because venue
was proper in Philadelphia County. Upon review, we affirm.

## I.      Background

          Police Officers, who were employees of the Upper Darby Township Police
Department, arrested Goldman on January 11, 2019, in Upper Darby Township,
Delaware County, Pennsylvania. Reproduced Record (R.R.) at 2, 7. Police Officers

charged Goldman with several criminal violations after his arrest. *Id.* at 16-17. Goldman's criminal case proceeded to a bench trial, where the trial court convicted Goldman of one summary count of Disorderly Conduct.[1] *Id.* at 17.

Goldman, who believes Police Officers subjected him to police brutality during his arrest, filed a civil complaint against Police Officers[2] on May 27, 2020, in the trial court. *See* R.R. at 1-26. In that complaint, Goldman raised several causes of action, including assault, battery, false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution, abuse of process, defamation, slander, and invasion of privacy. *Id.* Goldman alleged in his complaint that "a cause of action for defamation[3] . . . arose in the City of Philadelphia, being Plaintiff's bailiwick and county of residence, where injury lies to the reputation in the community of his peers." *Id.* at 3. Goldman's complaint made the following specific factual allegations regarding his defamation claim:

> 121. [Police Officers] did commit with malice the intentional tort of defamation . . . by initiating a criminal action, knowing the charges to be false and lacking probable cause, making such charges public record via internet, fingerprinting and generating records sent to the Federal Bureau of Investigation (FBI), and by initiating ongoing wrongs that did not cease until the criminal matter was closed at trial on January 14, 2020, when [Police Officers] continued to make false statements under oath, and **where such wrongs did cause damage to [Goldman]'s reputation and character, employability,** sense of self-esteem and self-worth, all damages best characterized as the "stigma of arrest" . . . .
>
> 122. [Goldman] avers that this civil action, being brought under a theory of false arrest and malicious prosecution, where the wrongs did not

---

[1] The Pennsylvania Superior Court upheld Goldman's conviction on appeal. *See Com. v. Goldman* (Pa. Super., No. 606 EDA 2020, filed May 14, 2021), *appeal denied*, 268 A.3d 375 (Pa. 2021).

[2] Goldman did not name Upper Darby Township as a defendant.

[3] Goldman's position that venue is proper in Philadelphia County relies upon the assertion his defamation cause of action arose in Philadelphia County. Goldman concedes each of his other causes of action arose in Delaware County, where his arrest took place.

2

cease until charges were withdrawn and adjudicated on January 14, 2020, where the **attendant damages and harm to Plaintiff's character and reputation in the community** are ongoing . . . .

123. [Police Officers] are liable to [Goldman] for all damages thereby caused by the commission of the tort[ of] defamation . . . **causing substantial harm to his reputation in the community**.

R.R. at 24-25 (footnotes omitted) (emphasis added). Goldman's complaint, in a footnote immediately following the word "defamation" in paragraph 121, states as follows:

> "[g]enerally, a defamatory action must allege: 1) the defamatory character of the communication; 2) publication; 3) that the communication refers to the plaintiff; 4) the third party's understanding of the communication's defamatory character; and 5) injury." quoting Walder v. Lobel, 488 A.2d 622, 339 Pa.Super. 203 (Pa. Super. Ct. 1985)(challenge to sufficiency of complaint for defamation overruled)

R.R. at 24 n.13.

Police Officers timely filed preliminary objections to Goldman's complaint, asserting venue was improper in Philadelphia County and seeking to have Goldman's complaint transferred to Delaware County. *See* R.R. at 63-69. Because Police Officers' preliminary objections did not include a notice to plead, as Pennsylvania Rule of Civil Procedure 1028(c)(2) requires, the trial court issued an order permitting the parties to conduct discovery regarding the issue of venue and to file supplemental briefs. *Id.* at 103.

On September 22, 2020, after reviewing the parties' supplemental briefs, the trial court sustained Police Officers' preliminary objections and transferred Goldman's Complaint to the Delaware County Court of Common Pleas. R.R. at 85. On September 26, 2020, Goldman filed a motion for reconsideration and attached the affidavits of two individuals who read the alleged defamatory statements in Philadelphia County and understood them to be defamatory. R.R. at 88-89. In

Goldman's motion for reconsideration, Goldman admitted he obtained these affidavits on September 24, 2020, and that the affidavits "provided facts previously not of record." *Id.* at 88. Goldman also admitted this information was available before the trial court issued its order, stating as follows:

> Plaintiff's counsel has maintained regular contact with his client and witnesses throughout this case, **however, obtaining Affidavits from necessary witnesses did not seem necessary or appropriate when sufficient facts and averments are already made in the Complaint.** Nevertheless, despite the difficulties surrounding the COVID-19 virus outbreak and nationwide pandemic, Plaintiff's two (2) witnesses were readily available and glad to cooperate by providing sworn statements, thus lending the sufficient support in hopes of gaining from the Court a more "sympathetic ear."

R.R. at 88-89 n.2 (emphasis added).[4]

The trial court did not respond to Goldman's request for reconsideration within the time for filing an appeal, so Goldman filed a notice of appeal to the Pennsylvania Superior Court (the Superior Court). Police Officers then filed an unopposed motion to transfer Goldman's appeal to this Court, which the Superior Court granted.[5] *See Goldman v. Bennett, Friel, and DeHoratius* (Pa. Super., No. 2041 EDA 2020, filed April 19, 2021).

---

[4] Despite making these admissions in his motion for reconsideration, Goldman now asserts on appeal that "[t]he Affidavits . . . were made part of the record as soon as feasibly possible, and no later. These Affidavits and witnesses were only not previously available to [Goldman] previously [sic] and prior to the September 11, 2020 filing [of supplemental briefs] due solely to the national health emergency and COVID-19 pandemic." Appellant's Br. at 6-7 n.3.

[5] Police Officers asserted in their motion that transfer to this Court was appropriate under 42 Pa.C.S. § 762(a)(4) and (a)(7). In his brief, Goldman disputes that this Court properly has jurisdiction. Goldman, however, points out the error in transfer was "a minor defect." Appellant's Br. at 1-2. We agree at this juncture in the litigation, dealing with only a venue dispute, that the Superior Court could properly have handled this appeal. Police Officers assert 42 Pa.C.S. §762(a)(7) applies because they intend to raise governmental immunity defenses. *See Newman v. Thorn*, 518 A.2d 1231, 1235-37 (Pa. Super. 1986) (explaining this Court maintains exclusive

**(Footnote continued on next page…)**

4

In its Opinion in Support of Order, the trial court opined that venue was only proper in Delaware County pursuant to Pennsylvania Rule of Civil Procedure 2103(b), because "Upper Darby Township could be held liable for [Police Officers'] actions . . . ." R.R. at 108. In addition, the trial court opined Goldman's complaint did not contain sufficient factual allegations to establish a cause of action for defamation arose in Philadelphia County; specifically, that a person in Philadelphia County read statements about Goldman and recognized them as being defamatory. *Id.* at 108-110.

## II. Analysis

On appeal, Goldman argues that: (a) the trial court erred in determining venue was not proper in Philadelphia County because his cause of action for defamation arose in Philadelphia County, (b) the trial court abused its discretion in disallowing his choice of venue, and (c) the trial court erred in determining Pennsylvania Rule of Civil Procedure 2103(b) restricted venue to Delaware County.[6]

---

appellate jurisdiction when governmental immunity is an issue and the Superior Court will transfer governmental immunity matters to our Court even when an appellee consents to the Superior Court's jurisdiction). Governmental immunity is not an issue in this appeal, however, as Police Officers' preliminary objections were solely related to venue. 42 Pa.C.S. § 762(a)(4) also does not appear to squarely apply, as Goldman's claims are all tort actions against employees of a township police department. Nevertheless, "we will decide this matter as re-transfers have been disapproved." *See King v. Riverwatch Condo. Owners Ass'n*, 27 A.3d 276, 277 n.1 (Pa. Cmwlth. 2011) (citation omitted).

[6] Pennsylvania Rule of Civil Procedure 2103(b) provides that "[e]xcept when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located." Although Goldman did not file his complaint against any political subdivisions, the trial court determined that Upper Darby Township could be required to indemnify Police Officers pursuant to 42 Pa. C.S. § 8548(a), and that "[s]ince Upper Darby Township could be held liable for [Police Officers'] actions, venue is proper in, and only in, Delaware County." R.R. at 108.

Goldman disputes the trial court's conclusion that his complaint, which he filed against Police Officers and not against Upper Darby Township, should be treated as an action against a

**(Footnote continued on next page…)**

5

"Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district." *Com. v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003) (citation omitted). "Venue is predominately a procedural matter, generally prescribed by rules of [the Pennsylvania Supreme Court]." *Id.* (citing 42 Pa.C.S. § 931(c)). Pennsylvania Rule of Civil Procedure 1006 provides that venue is proper for civil actions "in and only in a county in which" the individual against whom the action is brought "may be served **or in which the cause of action arose** or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law . . . ." Pa.R.Civ.P. 1006(a)(1) (emphasis added).

"Our review of a trial court's order sustaining preliminary objections based on improper venue is for an abuse of discretion or legal error." *Keystone Sanitary Landfill, Inc. v. Monroe Cnty. Mun. Waste Mgmt. Auth.*, 148 A.3d 915, 916 n.2 (Pa. Cmwlth. 2016) (citation omitted). "To determine whether preliminary objections have been properly sustained, [we] must consider as true all of the well-pleaded material facts set forth in [the] complaint and all reasonable inferences that may be

---

political subdivision under Rule 2103(b). Alternatively, Goldman argues that if Rule 2103(b) applies: (1) there is an Act of Assembly which permits an action against *employees* of a political subdivision or local agency in a county in which the cause of action arose, and (2) Goldman's defamation cause of action arose in Philadelphia County.

Since we have determined, as fully outlined below, that the trial court did not err in determining Goldman failed to plead facts sufficient to establish his defamation cause of action arose in Philadelphia County: (a) Goldman's alternative arguments fail, and (b) we need not further address Goldman's dispute as to the applicability of Rule 2103(b). Rule 2103(b) acts to restrict venue for causes of action against a political subdivision to the county in which that political subdivision is located *if* a plaintiff establishes his right to bring a cause of action against that political subdivision in a different county under Rule 1006 (Pennsylvania's general venue rule). Here, Goldman failed to establish his right to bring his cause of action against Police Officers in Philadelphia County under Rule 1006. Accordingly, Rule 1006 already restricts the proper venue for Goldman's Complaint to Delaware County.

6

drawn from those facts." *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992) (citation omitted).

In performing our review, we are mindful Pennsylvania is a fact-pleading state. *See* Pa. R.Civ.P. 1019(a) (stating "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form"). "Specifically, a plaintiff is required 'to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action.'" *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015) (quoting *Com. ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005)). "Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard." *McCulligan*, 123 A.3d at 1141 (citation omitted).

Goldman acknowledges he can only establish Philadelphia County is a proper venue for his complaint under Pa. R.Civ.P. 1006(a)(1) if his defamation cause of action arose in Philadelphia County. A cause of action for defamation arises in the place where a defamatory statement is published. *Gaetano v. Sharon Herald Co.*, 231 A.2d 753, 756 (Pa. 1967). In *Gaetano*, our Supreme Court explained that a statement is published where it is read and understood as being defamatory of the plaintiff's character, as follows:

> [i]f a newspaper is published and circulated in New York City which includes a defamatory statement of a person in Scranton, Pennsylvania, but no one in New York City recognizes the article as applying to the individual defamed, or if there is such recognition of identity but no realization that the article is defamatory of the person in Scranton, then there is no publication in New York City. However, if a few copies of this newspaper published in New York City are sent to Scranton and there read by the Scrantonian's neighbors or associates who recognize the reference to him and reasonably believe that it is defamatory, then

7

the newspaper has libeled him in Scranton, and not in New York City, the place where the newspaper is printed and primarily circulated.

*Id.* at 755-56 (citations and internal quotation marks omitted).

In *Smith v. Fox*, 211 A.3d 862, 868 (Pa. Super. 2019),[7] the Pennsylvania Superior Court re-examined the publication requirement for a defamation cause of action. In *Smith*, the plaintiff alleged two communications were defamatory of her character in Philadelphia County (where she filed her complaint). *Id.* at 864. The first were flyers the plaintiff alleged were read by mail processors in Philadelphia County. *Id.* at 865. The second were internet postings on the defendants' website, which plaintiff alleged was accessed by residents of Philadelphia County, including one of her friends, who understood the story to be damaging of the plaintiff's character. *Id.* The defendants filed preliminary objections to venue, asserting the location where defendants made the statements (Delaware County) was the only appropriate venue. *Id.* The trial court overruled the defendants' preliminary objections. *Id.*

With regard to the mail flyers, the Superior Court determined the plaintiff "did not allege that she personally knew the workers in the mail processing facility so the flyers caused her no reputational harm for the purposes of venue." *Id.* at 868 n.5. Accordingly, the allegations in the plaintiff's complaint regarding mail flyers were not sufficient to establish venue in Philadelphia County. *Id.*

With regard to the internet communications, however, the Superior Court determined "the requisite harm to a plaintiff's reputation" to support a defamation cause of action "occurs when an internet communication is read by a third party who

---

[7] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted). Although we are not bound by the Superior Court's decision in *Smith*, we find its reasoning to be persuasive on a nearly identical issue.

8

the plaintiff knows personally and who understands the communication to be harmful to the plaintiff's reputation." *Id.* at 868 (citing *Gaetano*, 231 A.2d at 755-56). The court then determined plaintiff "alleged that her friend resided in Philadelphia County and read material on a website which had been posted by the [defendants]. [The plaintiff's] friend understood the material to be defamatory. This reputational harm made the friend's county of residence a place of publication and a proper venue for [plaintiff's] defamation claims." *Id.* at 868. Accordingly, the Superior Court upheld the trial court's decision to overrule the defendants' preliminary objections to venue in Philadelphia County. *Id.*

Goldman did not allege in his Complaint that anyone in Philadelphia County, known to him, viewed the alleged defamatory materials in Philadelphia County and understood them to be defamatory of Goldman's character. Instead, Goldman generally alleged he suffered harm to his reputation in the community. Goldman consistently asserted to the trial court that his general allegations of reputational harm were sufficient to establish his defamation claim. *See* R.R. at 80, 90-94. On appeal, however, Goldman now asserts information contained in the affidavits he attached to his motion for reconsideration "demonstrated in support of the defamation cause of action **the necessary elements** of 1) harm to reputation in [Goldman] . . . , and 2) publication of the misdemeanor resisting arrest charges via the internet and discovered in Philadelphia County by the witnesses." Goldman's Br. at 6-7 (emphasis added).

In evaluating whether the trial court properly sustained Police Officers' preliminary objections, we must only "consider as true all of the well-pleaded material facts set forth in [the] complaint." *See Bower*, 611 A.2d at 182. The facts contained in the affidavits Goldman attached to his motion for reconsideration are

9

not well-pleaded facts.[8]  While we acknowledge Goldman was not required to attach affidavits to his complaint, Goldman was required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action."  *Com. ex rel. Pappert*, 868 A.2d at 636.  With regard to his defamation cause of action, Goldman would be required to prove publication of defamatory materials in Philadelphia County, which includes that a communication was read in Philadelphia County by someone personally known to Goldman who understood the communication as being defamatory of Goldman's character.  Goldman's general allegation he suffered reputational harm in the community does not establish those necessary facts.

The insufficiency of Goldman's complaint is further highlighted when we compare its factual allegations with the complaint in *Smith*.  In *Smith*, the plaintiff alleged mail flyers were read by mail processors in Philadelphia and internet postings were read by her friend in Philadelphia County, who understood the postings to be defamatory of the plaintiff's character.  *Smith*, 211 A.3d at 865.  In *Smith*, the Superior Court determined the plaintiff's allegations about mail flyers were not sufficient to establish publication in Philadelphia County for a defamation cause of action, because there were no allegations the mail processors knew the plaintiff.  *Id.* at 868.  With regard to the internet postings, however, the Superior Court determined the plaintiff's allegations were sufficient to establish publication for a defamation cause of action, because the plaintiff's complaint specifically alleged someone known to the plaintiff viewed the materials in Philadelphia County

---

[8]  Goldman assumes the affidavits he attached to his motion for reconsideration "were made part of the record" by virtue of their filing.  *See* Goldman's Br. at 6-7, 16.  Goldman also assumes that this Court can consider the facts in those affidavits.  *Id.* at 11, 12.  In evaluating whether the trial court properly granted Police Officers' preliminary objections, however, we may only "consider as true all of the well-pleaded material facts set forth in [the] complaint and all reasonable inferences that may be drawn from those facts."  *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992) (citation omitted).  Accordingly, this Court cannot consider the facts in Goldman's affidavits.

10

and understood them to be defamatory of the plaintiff's character. *Id.* The allegations in Goldman's complaint, like the mail flyers in *Smith* and unlike the internet postings in *Smith*, did not include averments that anyone known to Goldman viewed the materials in Philadelphia County and understood them to be defamatory. Thus, as the Superior Court concluded for the mail flyers in *Smith*, we conclude the trial court did not abuse its discretion or commit an error of law in determining Goldman's allegations are insufficient to establish publication of defamatory materials occurred in Philadelphia County.

### III.   Conclusion

Goldman's complaint did not include sufficient factual allegations to establish his defamation cause of action arose in Philadelphia County. Since that was his only means of establishing venue was proper in Philadelphia County, we affirm the trial court's decision to grant Police Officers' preliminary objections and transfer Goldman's Complaint to the Court of Common Pleas of Delaware County.

_____

STACY WALLACE, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Toriano Chaz Goldman,                                    :
                                          Appellant  :
            v.                                           :      No.  417 C.D. 2021
                                                         :
Robert Bennett, Badge #0022,                     :
James Friel, Badge #0092,                          :
Michael DeHoratius, Badge #0066              :


# **O R D E R**


    **AND NOW**, this 13th day of January 2023, the September 22, 2020 order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.


                                _____
                                STACY WALLACE, Judge